UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Christopher Busby,

                Plaintiff,        Case No. 24-12064

v.                                 Judith E. Levy
                                  United States District Judge
Jonathan Hemingway, *et al.*,
                                  Mag. Judge David R. Grand

                Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Christopher Busby, an incarcerated person, filed a pro se civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1.) Plaintiff sues Defendants Warden Jonathan Hemingway, Lieutenant Ramos, and Director of Bureau of Prisons Carvajal[1] in their official and individual capacity for the failure to protect against a sexual assault that occurred during his confinement at the Federal Correctional Institution, Milan

---

[1] The current Director of the Federal Bureau of Prisons is William K. Marshall III. As such, Plaintiff's claim against the Director of the Federal Bureau of Prisons in his official capacity is against Director Marshall.

("FCI-Milan"). Plaintiff's application to proceed in forma pauperis was granted, which means that he may proceed without prepayment of fees. (ECF No. 9.) After careful review, the Court concludes that the complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. Factual Background

The events giving rise to Plaintiff's complaint occurred on September 28, 2021, at FCI-Milan. (ECF No. 1, PageID.4–5.) An inmate sexually assaulted Plaintiff while he was sleeping in his cell. (*Id.* at PageID.13.) Plaintiff experienced prior assaults and states that his removal from the mental health program left him "isolated to future attacks of rape." (*Id.* at PageID.12.) Plaintiff alleges that Defendants Hemingway and Ramos are responsible for housing assignments. (*Id.*)

Plaintiff challenges the integrity of the grievance process, including the investigation and hearing of his grievances. He alleges that Defendant Ramos failed to follow the policies set forth under the Prison Rape Elimination Act ("PREA"), 30 U.S.C. § 30301 *et seq.*, and was biased against Plaintiff's sexual orientation. (*Id.* at PageID.12–13.) Plaintiff alleges that the failure to follow PREA and Bureau of Prison's policies,

as well as negligence and lack of oversight, caused his attack. Plaintiff sues pursuant to the Eighth Amendment for failure to protect, the Prisoner Litigation Reform Act ("PLRA"), the PREA, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), as well as "neglig[en]ce, and Due Process."[2] (*Id.* at PageID.4.) He seeks monetary relief.

## II. Legal Standard

### A. Screening Standard

Under the PLRA, the Court is required to screen an indigent prisoner's complaint and to dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[2] The PLRA—28 U.S.C. §§ 1915(e)(2), 1915A—supplies the standard under which the Court conducts its initial review of an indigent prisoner's complaint. The Court interprets Plaintiff's claim under the PLRA to mean that he alleges a claim under the screening standard sufficient to entitle him to relief.

3

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### B. *Bivens* Standard

*Bivens*, 403 U.S. 388, provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "To state a claim under *Bivens*, a plaintiff must allege that he was 'deprived of rights secured by the Constitution or laws of the United States' and that 'the defendants who allegedly deprived [him] of those rights acted under color of federal law.'" *Hower v. Damron*, No. 21-5996, 2022 WL 16578864, at *2 (6th Cir. Aug. 31, 2022) (quoting *Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014)). To date, the Supreme Court has extended *Bivens* liability to federal officials in only three contexts:

> (1) under the Fourth Amendment for a violation of the prohibition against unreasonable searches and seizures of a private citizen's residence, *Bivens*, 403 U.S. at 389, 397;
>
> (2) under the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 230–31, 248–49 (1979); and,
>
> (3) under the Eighth Amendment for failing to provide adequate medical treatment to a prisoner, *Carlson v. Green*, 446 U.S. 14, 16 n.1, 19 (1980).

*Id.* Since 1980, the Supreme Court has rejected extension of *Bivens* to new contexts on twelve different occasions. *See Egbert v. Boule*, 596 U.S. 482, 486 (2022) (collecting cases).

If a prisoner's *Bivens* claim presents a "new" context that is different than an established *Bivens* right of action, the claim should not be recognized if "special factors" demonstrate that Congress is better equipped than the Judiciary to "weigh the costs and benefits of allowing a damages action to proceed." *Patton v. Blackburn*, No. 21-5995, 2023 WL 7183139, at *2 (6th Cir. May 2, 2023 (quoting *Egbert*, 596 U.S. at 491 (internal quotation marks omitted)). "[E]xpanding the reach of *Bivens* 'is now a "disfavored" judicial activity.'" *Id.* (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017)) (internal quotation marks omitted). "Special factors" that "counsel against recognizing a *Bivens* claim" in a new context include whether the prisoner has access to remedial mechanisms established by the Federal Bureau of Prisons, and whether Congress has provided other avenues for remedial action. *Id.* at *3. The Supreme Court has held that, "[i]f there is even a single 'reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy.'"

*Egbert*, 596 U.S. at 492 (quoting *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)).

## III. Discussion

Plaintiff alleges that Defendants failed to protect him against a sexual assault during his incarceration at FCI-Milan. The Court concludes that Plaintiff's complaint is subject to dismissal in its entirety.

### A. Official Capacity Claims

Plaintiff sues Defendants Hemingway, Ramos, and Marshall[3] in their official capacities, which is essentially a cause of action against their employer, the Federal Bureau of Prisons ("BOP"). However, it is well-settled that, as an agency of the United States Government, the BOP may not be subject to suit under *Bivens*. The United States has not waived its sovereign immunity for *Bivens* claims asserted against the United States government, its agencies, or its employees in their official capacities. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484–86 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Okoro v. Scibana*, 63 F. App'x 182 (6th Cir. 2003) (stating that a federal prisoner

---

[3] The Court reiterates that Marshall, not Carvajal, is now the director of the BOP.

7

cannot bring a *Bivens* action against BOP employees in their official capacity). Thus, Plaintiff's claims against Defendants in their official capacities must be dismissed.

## B. Individual-Liability Claims

A *Bivens* action, based on alleged constitutional violations by federal officials, may be brought against federal officers in their individual capacities. Plaintiff alleges that Defendants violated his Eighth Amendment and due process rights by failing to protect him from the sexual assault and failing to adequately resolve his PREA complaint. Because Defendants are all federal workers, the Court must determine whether the claims are cognizable under the *Bivens* standard.

### i. New Context

The Court must first determine whether Plaintiff's claims are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Ziglar*, 582 U.S. at 139. As discussed, the Supreme Court has extended an Eighth Amendment claim under *Bivens* only in the context of failing to provide adequate medical treatment to a prisoner. *Carlson*, 446 U.S. at 19. While Plaintiff's claims are brought under the Eighth Amendment, "[a] claim may arise in a new context even if it is

8

based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez*, 589 U.S. at 103.

Plainly, a prisoner's claim that prison staff failed to protect him from a prisoner attack arises in a different context than deliberate indifference to a prisoner's medical needs. *See Hower*, 2022 WL 16578864, at *3 (federal prisoner's Eighth Amendment "failure to protect" from harassment claim presents a new context from the Eighth Amendment deliberate indifference claim in *Carlson*). Moreover, the Sixth Circuit has stated that "Eighth Amendment conspiracy, excessive force, sexual harassment, sexual assault, and failure to protect claims are not cognizable under *Bivens*." *Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *3 (6th Cir. Sept. 13, 2022)); *see also Goldey v. Fields*, 606 U.S. 942, 944–45 (2025) (declining to recognize a *Bivens* cause of action for Eighth Amendment excess-force violations). Because even a "modest extension" of a prior Supreme Court case constitutes a new context, *Ziglar*, 582 U.S. at 147–48, the Court finds that the first part of the *Ziglar* test has been met here.

The Court must therefore proceed to the second step of the analysis to determine whether there are any special factors that counsel hesitation before extending the *Bivens* remedy to this new context. *Ziglar*, 582 U.S. at 135–36.

### ii. *Special Factors*

The Court finds that there are no "special factors" that warrant extending *Bivens* to a new context. "The presence of [an] alternative process[] 'alone may limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *See Anderson v. Fuson*, No. 23-5342, 2024 WL 1697766, at *3 (6th Cir. Feb. 1, 2024) (quoting *Ziglar*, 582 U.S. at 137). Here, a judicially-implied remedy for damages may not be appropriate because alternative processes exist for protecting Plaintiff's rights: the BOP Administrative Remedy Program. *Id.* According to the Sixth Circuit, the "BOP's inmate grievance process 'is substantial' in that 'it contains its own statutes of limitations, filing procedures, and appeals process,'" and the potential to retain counsel to assist with the process. *Id.* (quoting *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020)).

Moreover, "[s]o long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of

10

deterrence," the Court "cannot second-guess" that process "by superimposing a *Bivens* remedy." *Egbert*, 596 U.S. at 498; *Callahan*, 965 F.3d at 523 ("Alternative processes, for *Bivens* purposes, do not have to be creations of Congress.") (citing *Minneci v. Pollard*, 565 U.S. 118, 126 (2012)). Nor is the grievance program considered a less effective remedy because it does not provide the deterrence afforded by damages. *See Schweiker v. Chilicky*, 487 U.S. 412, 421–22 (1988) ("The absence of statutory relief for a constitutional violation . . . does not by any means necessarily imply that courts should award money damages against the officers responsible for the violation."). Thus, courts have consistently held that the BOP's inmate grievance program provides a viable alternative remedy counseling against inferring a remedy under *Bivens*. *Callahan*, 965 F.3d at 524.

The Supreme Court has instructed that "[i]f there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492 (quoting *Hernandez*, 589 U.S. 93, 102 (2020)). Thus, because multiple factors counsel strongly against implying a *Bivens* remedy for Plaintiff's failure-to-protect and due process claims, the Court will not do so here.

11

Accordingly, Plaintiff's Eighth Amendment and due process claims are dismissed.

### C. Prison Rape Elimination Act

Next, Plaintiff's claims under the PREA must be dismissed because individual litigants may not bring suit under the PREA. *Beeman v. Heyns*, No. 1:16-cv-27, 2016 WL 1316771, at *12 n.4 (W.D. Mich. Apr. 5, 2016) ("Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff." (quoting *Montgomery v. Harper*, No. 5:14-cv-P38R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014))); *see also McCloud v. Prack*, 55 F. Supp. 3d 478, 482 n.2 (W.D.N.Y. 2014) ("[N]othing in the statute suggests that PREA intended to establish a private cause of action for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a cause of action by an inmate." (quoting *Amaker v. Fischer*, No. 10-cv-977, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014))). While issues addressed by PREA are serious and extremely concerning, PREA provides no basis for a cause of action for Plaintiff. Plaintiff's claims pursuant to PREA will, therefore, be dismissed.

### D. Federal Tort Claims Act

Plaintiff's negligence claims under the FTCA also fail. The FTCA provides that the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. A person may sue under the FTCA to recover damages from the United States for personal injuries sustained during confinement in a federal prison by reason of the negligence of a government employee. *Collazos-Cruz v. United States*, 117 F.3d 1420, 1 n.1 (1997) (unpublished table decision) (citing *United States v. Muniz*, 374 U.S. 150 (1963)). The United States is the only proper defendant under the FTCA. *Mynatt v. United States*, 45 F.4th 889, 894 n.1 (6th Cir. 2022).

This action does not involve the assertion of an FTCA claim against the United States. The failure to name the proper defendant deprives the Court of subject matter jurisdiction over an FTCA claim. *Cf. Adu-Beniako v. Reimann*, No. 21-2978, 2022 WL 4538372, at *3 (6th Cir. July 12, 2022) ("An FTCA claim naming only an agency and individual employees fails to bestow jurisdiction.") (citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998)); *see also Jude v. Comm'r of Soc. Sec.*, 908 F.3d 152,

13

157 n.4 (6th Cir. 2018). Accordingly, the Court dismisses Plaintiff's negligence claims without prejudice. Plaintiff may file a new complaint against the proper defendant.

### E. State Law Claim

Lastly, to the extent Plaintiff seeks to raise a state-law negligence claim, he cannot do so. "The FTCA is the 'supreme' federal law addressing the United States' liability for torts committed by its agents." *Martin v. United States*, 605 U.S. \_\_\_, 145 S. Ct. 1689, 1700 (2025). "It supplies the 'exclusive remedy' for damages claims arising out of federal employees' official conduct." *Id*. Because Plaintiff seeks monetary damages against federal employees for their conduct, his damages claim must be pursued through the FTCA. As discussed above, the Court lacks jurisdiction over the FTCA claim raised in the Complaint. Should Plaintiff seek to pursue his FTCA claim, he may initiate a new case against the proper defendant.

### IV. Conclusion

For the reasons set forth above, the Court orders that Plaintiff's claims under the FTCA are DISMISSED WITHOUT PREJUDICE and the remainder of the Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: August 6, 2025　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2025.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager